The Boston Investment Company, Appellee, v. The Pacific Short Line Bridge Company, The Missouri River Bridge Company, The Manhattan Trust Company, Defendants and Appellees, Sooysmith & Company, J. A. L. Wadell, Defendants and Cross-petitioners, Appellees, E. H. Hubbard and H. J. Taylor, Receivers in this Cause, Appellee, The Credits Commutation Company and C. L. Wright, Defendants in Intervention, and Appellees, E. H. Hubbard, Assignee of The Union Loan and Trust Company, Intervener, Appellee, W. H Goodwin, Intervener and Appellant.

Receivers: when appointed. Under McClain's Code, section 4113, which provides that a receiver may be appointed on petition of a person holding an interest in property which is in danger of being lost or impaired, a court can appoint a receiver of an insolvent corporation (all creditors, most of whom have liens, consenting, except one), which corporation was organized to build a bridge, in which the public was largely interested, under a charter granted by congress, where the property consisted of two completed and one incompleted piers and some real estate connected with the bridge, all of which would be of little value without the franchise, which would be forfeited in less than a year unless the bridge was completed.

Same. The court will not decline to appoint receivers and direct the sale of the property and franchises of a corporation organized to construct a public bridge, pending suit by a creditor to set aside a conveyance thereby, upon the intervention of an officer of the corporation, who prefers a claim for salary and advances, more than two years after the commencement of the suit, where an early sale is imperative to save the franchises from forfeiture for noncompletion of the bridge.

Same. An order of sale of property in the hands of the receivers cannot be said to be in effect a foreclosure of a trust deed on the property, where it has no other effect than to bring the proceeds of the sale into court, instead of the property.

SAME. That the sheriff is in possession, under plaintiff's execution, of the property involved in a suit to set aside a conveyance of property and franchises, does not prevent the appointment of a receiver to sell the property, pending the action, where it is in danger of being lost or destroyed. He could not avoid a forfeiture, and need not be made a party.

EVIDENCE. Findings by the court, in an order appointing receivers of an insolvent bridge corporation's property, that the property is without care and abandoned and going to waste, are supported by evidence that the property has been in the hands of the sheriff for about two years and the work on the property has ceased during all that time.

SAME. An objection that no evidence was introduced to support the finding upon which an order appointing receivers was made, cannot be sustained when the pleadings show facts to sustain the findings, and the order was based upon facts admitted in open court by all the parties to the action, and made with their consent.

SAME. It was not error for the court to order a sale of the property immediately on the appointment and qualification of the receivers and upon their application, where the property was an uncompleted bridge, which would be, when completed, a public benefit, and the franchise to build same was about to expire.

*Appeal from Woodbury District Court.*—HON. F. R. GAYNOR, Judge.

TUESDAY, JANUARY 18, 1898.

ACTION in equity to set aside a certain deed of conveyance, and to determine the amount and order of priority of the claims of creditors of the Pacific Short-Line Bridge Company who are parties to this action. Pending the action, an order was made appointing E. H. Hubbard and H. J. Taylor joint receivers of the property and franchises of the Pacific Short-Line Company, and thereafter a further order was made, upon their application, for the sale of said franchises and property. Thereupon W. H. Goodwin intervened in the action, setting up his claim to a lien upon certain parts of said property, and moved the court to restrain the receivers from executing said order of sale, which motion was

overruled.   Said Goodwin then filed his exceptions to the appointment of said receiver, and to the order of sale and report of sale, which exceptions were overruled, and the report of the receivers of the sale made by them was confirmed.  Intervener, Goodwin, appeals from the overruling of his said motion and exceptions.— *Affirmed.*

Kean & Sherman for appellant.

Spaulding, Taylor & Burgess and Wright, Hubbard & Bevington for appellees.

GIVEN, J.—I.  Owing to the number of the parties, and the nature of their respective claims, the pleadings are necessarily lengthy and complicated, but as the questions presented on this appeal are simply whether the court erred in appointing the receivers, and in ordering a sale of the property, and in the confimation of said sale, the following will be a sufficient statement of the cases for the purpose of these questions:   The Pacific Short-Line Bridge Company was incorporated under the laws of Iowa, to build a combination railroad, wagon, and foot bridge across the Missouri river, at Sioux City, Iowa, under an act of congress granting it a charter so to do, which required the bridge to be completed on or before March 1, 1896.   This company acquired certain franchises from the city of Sioux City, in certain of the city's streets, for the purpose of approach to said bridge.   It also acquired, for the same purpose, certain real estate. Said company executed a deed of trust to the Manhattan Trust Company, as trustee, on all its franchises and property, to secure its issue of bonds in the sum of one million five hundred thousand dollars, five hundred thousand dollars of which were certified by trustees and issued by said company.   Said company entered into

contracts for plans, specifications, materials, and labor for the construction of said bridge, and the construction thereof was proceeded with thereunder, and said company became largely indebted therefor. This company, being unable financially to continue the work of constructing said bridge, did, on the sixth day of April, 1893, for the consideration of one dollar, execute a deed of conveyance of all its property and franchises to the Missouri River Bridge Company, a corporation organized under the laws of Iowa. The plaintiff, the Boston Investment Company, having theretofore obtained judgment against the Pacific Short-Line Bridge Company, caused an execution to issue thereon on April 27, 1893, and to be levied on all property and franchises of said company, whereupon all further work on the bridge was suspended. On the same day, plaintiff brought this action to set aside said deed of conveyance, and to subject said property to its execution. On May 13, 1893, the court, on an application of the parties, granted an order restraining the sheriff from selling under said execution until the further order of the court, to the end, evidently, that the priority of the several liens against said property might first be ascertained. In the course of the further proceedings, the other persons named above as parties, except intervener, Goodwin, became such to this action by the consolidation of their actions herewith, or by intervention, and issues were joined upon their respective pleadings.

On October 19, 1893, the plaintiff applied for the appointment of a receiver, which application was set down for hearing on October 24, following, but does not appear to have been heard at that time. Thereafter the defendants Sooysmith & Co., and E. H. Hubbard, assignee, joined in asking the appointment of a receiver; and on the twenty-seventh day of May, 1895, after all the parties above named, except appellant, Goodwin, had become parties to this action, the court, with their

consent, and upon the pleadings and agreements, orally made in open court as to the facts, appointed H. J. Taylor and E. H. Hubbard joint receivers of all said property and franchises. The court found that both of said bridge companies were insolvent; that the property was incapable of division, and should be treated as an entirety; that it was without care; that attachments and executions had been levied upon it; that the value of the franchises was being lost by delay; that the property had been abandoned.by the corporations, and was going to waste; that the charters would expire March 1, 1896, if the bridge was not built; that the claims of these parties required immediate protection; and that a receiver was necessary to prevent loss and injury. On the twenty-seventh day of May, 1895, said receivers, having qualified, applied for an order to sell said property, on the ground that the two completed piers, the one incomplete pier, and the materials on hand were exposed to loss; that the franchises would be forfeited unless the work was completed by the time provided; and that, if a sale could be made, the bridge could be completed within said time. On the same day, and with the consent of the then parties to this action, the order for the sale of said property in Woodbury county, state of Iowa, was made, the sale to be made on the tenth day of June, 1895.

On the eighth day of June, 1895, appellant, W. H. Goodwin, filed his petition of intervention, claiming of the Pacific Short-Line Bridge Company five thousand, two hundred and thirty-five dollars, three hundred dollars of which was for money advanced by him for said company upon a contract for right of way, the balance being for unpaid salary as vice president of said company. His petition shows that a corporation known as the Nebraska Terminal Railway & Elevator Company was organized under the laws of Nebraska, to purchase

certain property in Dakota county, Nebraska, necessary
to the construction of the bridge; that mortgages were
given for part of the purchase money, which were fore-
closed, and the property sold; and that intervener, with
money furnished by the Pacific Short-Line Bridge Com-
pany, took assignments of the certificates of sale to him-
self, and thereafter received sheriff's deeds in his own
name to said property. He claims that he is entitled
to hold said Nebraska property as a mortgage to secure
the indebtedness to him for said three hundred dollars
advanced and for said balance of salary. Intervener
alleges that he executed a conveyance in blank for said
property, and deposited it with a statement of his
account with one C. L. Wright, an officer of said bridge
company, said conveyance to be used when intervener's
claim was settled; that said conveyance is still in the
hands of said Wright, the claim unsettled; and that he
has forbidden said Wright to make any use of said con-
veyance. Intervener then, after reciting the matters
already sufficiently stated, alleges that the decree
appointing said receivers was without jurisdiction and
erroneous, for numerous reasons that will hereafter be
noticed. He states as his only reason for delaying his
intervention that he had been negotiating with the
principal parties hereto with reference to an adjustment
of his claim, and that the negotiations were only termi-
nated on the afternoon of June 8, 1895, by their refusal
to recognize his claim. With his petition appellant filed
his motion to restrain the receivers from executing said
order of sale, which motion was overruled, "except as to
the property situated in Dakota county, in the state of
Nebraska," being the same upon which intervener
claims a lien. The receivers having sold the property
other than that in Dakota county, Neb., intervener filed
his exceptions to the approval of said sale, upon several
grounds that will be hereafter noticed. These excep-
tions were overruled, and an order was made approving

the sale and ordering a conveyance of the property. Invervener, appellant, makes eighteen assignments of error, based upon the overrulings of his said motion and exceptions.

II.   Appellant's first contention is that the pleadings do not show that the property, or the lands, income, and profits thereof, are in danger of being lost or destroyed.   As we view the pleadings, they do show that this property was in danger of being lost.   Without the franchises, the two completed and one incomplete piers, as well as the material accumulated and the real estate purchased, would be of little value.   The enterprise was one in which the public was concerned.   If the property were left to remain as it was, a forfeiture of the franchises would follow, the value of the whole, as a unit, be largely depreciated, and the public deprived of the advantages that were to be gained from the construction of the bridge.   To place this property in the hands of a receiver, and cause it to be sold, so that the enterprise might be carried to completion, was to prevent the loss that otherwise would occur.   Most, if not all, these creditors, had liens upon the property, and were therefore entitled to ask for the appointment of a receiver.

It is urged that, the property being in the possession of the sheriff, a receiver was not necessary to the care of the property, and that the sheriff was a necessary party to the making of the order.   The care that the sheriff could bestow would not prevent the loss that would follow the forfeiture of the franchises, and his possession was not so adverse to the claims of the plaintiff and other lien-holders who asked the appointment of the receiver as to render him a necessary party to that application.

It is further contended that the order appointing the receivers is void, because the findings therein are

insufficient to support the appointment, especially the findings that the  property is without care, and that it has been abandoned by the corporations, and is going to waste. The care that this property required was that the work should be proceeded with, and certainly the corporation had abandoned the enterprise, and therefore the property was without the care needed for its preservation.

It is also contended that there was no evidence introduced to support the findings upon which the order was made. The pleadings alone show facts sustaining the findings, and, as we have seen, the order was based upon facts admitted in open court by all the then parties to the action, and made with their consent.

Appellant also contends that, for these reasons, the order for the sale of the property was unauthorized. It is insisted that the order is, in effect, a foreclosure of the deed of trust, but we think not. It has no other effect than to bring the proceeds of the sale into court, instead of the property, and to render it possible, at least, that the construction of the bridge might go forward to completion.

Under the pressing necessities of the case, it was not error for the court to order the sale immediately upon the appointment and qualification of the receivers, and upon their application.

All the errors assigned may be summed up as presenting the questions whether, under the record, the court erred in appointing the receivers, and in ordering and confirming the sale of the property. Appellant's complaints of these orders are based upon purely technical grounds, and his attitude in the case is without any equitable considerations to support it. His claim is largely for an arrear of salary as vice president. As vice president, he certainly knew of

these various claims, and of the pendency of this litigation, for more than two years prior to his intervention; yet it was not until the receivers had been appointed, the property ordered to be sold, and on the eve of the sale, that he appeared to assert his claim. For this delay and untimely intervention he gives no reason but the hope of effecting a settlement of his claim. At the last moment he intervenes to prevent the wise and judicious disposition of the property ordered by the court, and to force delays that would render it comparatively valueless. It will be observed that his claim to a lien was upon the Nebraska property, and that the court excepted it from the order of sale, thereby leaving the appellant unprejudiced by the orders of which he complains. Many authorities are cited, but the case so manifestly called for the action taken by the court that we do not deem it necessary to refer to any authorities to support that action. We are in no doubt whatever that, upon the record before it, the district court was fully warranted in making the order that it did, appointing these receivers, and in promptly ordering a sale of the property, as was done. The equities are clearly against the appellant, and his appeal without merit, and the decrees of the district court complained of are therefore AFFIRMED.